Form 149

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Donald Sabol**
**Margery A. Sabol**
    Debtor(s)

Bankruptcy Case No.: 17–23083–JAD
Issued Per Mar. 15, 2018 Proceeding
Chapter: 13
Docket No.: 27 – 8, 26
Concil. Conf.: at

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED**
**AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.)  PLAN CONFIRMATION:*

    IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated July 19, 2017 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☒ A.  For the remainder of the Plan term, the periodic Plan payment is amended to be $3,015 as of April 2018. Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.  The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C.  Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.  Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.  The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.  shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☒ G.  The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: JPMorgan Mortgage Acquisition Corp. at Claim No. 4 .

☒ H.  Additional Terms: The estimated pool of funds available to be paid to general unsecured creditors and estimated percentage dividend are revised to $2,899.55 (100 percent).
The secured claim of Ally Financial at Claim No. 1 shall govern as to claim amount, to be paid at the modified plan interest in a monthly amount to be determined by Trustee to pay in full.

*(2.)*  *IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.     Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.     Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.     Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.     Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.     Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*   **IT IS FURTHER ORDERED THAT:**

**A.**   After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**   Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**   Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.**   Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**   The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.**   In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: March 26, 2018

<u>Jeffery A. Deller</u>
United States Bankruptcy Judge

cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

```
In re:                                                          Case No. 17-23083-JAD
Donald Sabol                                                    Chapter 13
Margery A. Sabol
         Debtors
```

# CERTIFICATE OF NOTICE

```
District/off: 0315-2           User: jhel              Page 1 of 2            Date Rcvd: Mar 26, 2018
                               Form ID: 149            Total Noticed: 15
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 28, 2018.
```
db/jdb         +Donald Sabol,    Margery A. Sabol,    961 Rolling Meadows Dr.,    Greensburg, PA 15601-9052
cr             +Ally Financial,    Tucker Arensberg, P.C.,   c/o Brett A. Solomon, Esquire,    1500 One PPG Place,
                 Pittsburgh, Pa 15222-5413
14668375        Capital One,    PO Box 71083,    Charlotte, NC 28272-1083
14764377       +Greater Latrobe S.D. / Unity Township,    % PA Municipal Service Co.,    336 Delaware Ave,
                 Oakmont, PA 15139-2138
14668377        Hanger Clinic,    62857 Collection Center Drive,    Chicago, IL 60693-0628
14746110       +J.P. Morgan Mortgage Acquisition Corp.,    c/o Rushmore Loan Management Services,
                 P.O. Box 55004,    Irvine, CA 92619-5004
14668378       +KML Law Group,    701 Market St.- Suite 5000,    Philadelphia, PA 19106-1541
14668379        Latrobe Area and Westmoreland Hospital,    c/o CBCS,    PO Box 2724,   Columbus, OH 43216-2724
14668380       +Payday Loan,    515 G SE,    Miami, OK 74354-8224
14668381        Pennsylvania Municipal Services,    336 Delaware Avenue, Dept. W-75,    Oakmont, PA 15139-2138
14668382       +Rushmore Loan Management Services,    P.O. Box 52708,    Irvine, CA 92619-2708
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
14668374        E-mail/Text: ally@ebn.phinsolutions.com Mar 27 2018 02:22:15     Ally,    PO Box 9001952,
                 Louisville, KY 40290-1952
14675707        E-mail/Text: ally@ebn.phinsolutions.com Mar 27 2018 02:22:15     Ally Financial,
                 PO Box 130424,    Roseville MN 55113-0004
14707871        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 27 2018 02:26:37
                 Portfolio Recovery Associates, LLC,    POB 12914,    Norfolk VA 23541
14669144       +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 27 2018 02:27:25
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                               TOTAL: 4

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              J.P. Morgan Mortgage Acquisition Corp.
cr*            +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
14673611*       Ally,    PO Box 9001952,    Louisville, KY 40290-1952
14668376*       Capital One,    PO Box 71083,    Charlotte, NC 28272-1083
14673612*       Capital One,    PO Box 71083,    Charlotte, NC 28272-1083
14673613*       Capital One,    PO Box 71083,    Charlotte, NC 28272-1083
14673614*       Hanger Clinic,    62857 Collection Center Drive,    Chicago, IL 60693-0628
14673615*      +KML Law Group,    701 Market St.- Suite 5000,    Philadelphia, PA 19106-1541
14673616*       Latrobe Area and Westmoreland Hospital,    c/o CBCS,    PO Box 2724,   Columbus, OH 43216-2724
14673617*      +Payday Loan,    515 G SE,    Miami, OK 74354-8224
14673618*       Pennsylvania Municipal Services,    336 Delaware Avenue, Dept. W-75,    Oakmont, PA 15139-2138
14673619*      +Rushmore Loan Management Services,    P.O. Box 52708,    Irvine, CA 92619-2708
                                                                                       TOTALS: 1, * 11, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 28, 2018                                         Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 26, 2018 at the address(es) listed below:
```
              Abagale E. Steidl    on behalf of Joint Debtor Margery A. Sabol asteidl@steidl-steinberg.com,
               julie.steidl@steidl-steinberg.com;leslie.nebel@steidl-steinberg.com;abby.steidl@me.com;r53037@not
               ify.bestcase.com;rlager@steidl-steinberg.com
              Abagale E. Steidl    on behalf of Debtor Donald  Sabol asteidl@steidl-steinberg.com,
               julie.steidl@steidl-steinberg.com;leslie.nebel@steidl-steinberg.com;abby.steidl@me.com;r53037@not
               ify.bestcase.com;rlager@steidl-steinberg.com
              Brett A. Solomon    on behalf of Creditor    Ally Financial bsolomon@tuckerlaw.com,
               agilbert@tuckerlaw.com;cabbott@tuckerlaw.com;dparanay@tuckerlaw.com
```

```
District/off: 0315-2          User: jhel              Page 2 of 2           Date Rcvd: Mar 26, 2018
                              Form ID: 149            Total Noticed: 15
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

        James Warmbrodt    on behalf of Creditor    J.P. Morgan Mortgage Acquisition Corp.    bkgroup@kmllawgroup.com
        Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
        Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com

                                                                                                                     TOTAL: 6